UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

YEHUDAH KATZ, on behalf of himself and the class,

                Plaintiff,

- against -

DELTA COMMUNITY CREDIT UNION,

                Defendant.

------------------------------------------------------------------X

Civil Action No.
12-CV-1194 (WFK) (LB)

**ANSWER**

Defendant Delta Community Credit Union (the "Credit Union"), by its attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, as and for its Answer and Counterclaim, hereby alleges, as follows:

## AS TO INTRODUCTION

1. With respect to the allegations contained in the paragraphs of the Complaint numbered "1," "2," "3," "4," "5," "6," "7," "8" and "9," denies that the Credit Union violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.*, and its implementing regulations 12 C.F.R. § 205 *et seq.*, and respectfully refers all questions of law to the Court.

## AS TO JURISDICTION AND VENUE

2. With respect to the allegations contained in the paragraphs of the Complaint numbered "10," "11" and "12," admits that the Credit Union has an ATM located in this judicial district and respectfully refers all questions of law to the Court.

198309_1

## AS TO PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the Complaint numbered "13" and "15."

4. Denies each and every allegation contained in the paragraph of the Complaint numbered "14" except, admits that the Credit Union is a state-chartered credit union, organized under the Georgia Department of Banking & Finance; that the Credit Union has an ATM at the Delta terminal located at LaGuardia Airport; and that the Credit Union has offices located at 1025 Virginia Avenue, Atlanta, Georgia.

5. With respect to the allegations contained in the paragraph of the Complaint numbered "16," respectfully refers all questions of law to the Court.

## AS TO FACTS RELATED TO PLAINTIFF'S TRANSACTION

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint numbered and "17," and notes that Exhibit "A" to the Complaint is illegible.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint numbered "18."

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph of the Complaint numbered "19," and notes that Exhibit "B" to the Complaint is illegible and alleges that the Credit Union posted the necessary notice "on or at" the ATM in question. Annexed hereto, collectively, as Exhibit "A," and incorporated herein by reference, are copies of photos of the ATM, the

198309_1

2

notice posted on the ATM and a receipt dated March 31, 2011, the date the photos of the ATM and notice were taken, well before the plaintiff's alleged February 15, 2012 transaction. The photos were provided by Automated Teller Accessories Corp. (d/b/a ATA Services) pursuant to a Service Agreement with the Credit Union, dated June 27, 2008, a copy of which is annexed hereto, as Exhibit "B," and incorporated herein by reference. That Agreement provides, *inter alia*, for ATA to provide photos and proof of notices, logos and signage and to check for, and immediately report, missing stickers and vandalism; no such report was received by the Credit Union respecting the ATM in question prior to the plaintiff's Summons and Complaint herein being received by the Credit Union.

9. With respect to the allegations contained in the paragraph of the Complaint numbered "20," admits that on the ATM there is signage as to which cards are accepted at the ATM, and notes that Exhibit "B" to the Complaint is illegible.

10. Denies each and every allegation contained in the paragraph of the Complaint numbered "21."

## AS TO CLASS ACTION ALLEGATIONS

11. With respect to the allegations contained in the paragraphs of the Complaint numbered "22" and "23," respectfully refers all questions of law to the Court.

12. Denies each and every allegation contained in the paragraphs of the Complaint numbered "24," "25," "26," "27," "28," "29," "30," "31," "32" and "33," and respectfully refers all questions of law to the Court.

## AS TO SUBSTANTIVE VIOLATION

13. With respect to the allegations contained in the paragraphs of the Complaint numbered "34," "35," "36," "37," "40" and "41," respectfully refers all questions of law to the Court.

14. Denies each and every allegation contained in the paragraphs of the Complaint numbered "38" and "39."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The Credit Union posted the notice required by 15 U.S.C. § 1693b(d)(3)(B)(i) and 12 C.F.R. § 205.16(c)(1), as reflected in Exhibit "A" hereto, prior to the date of plaintiff's alleged transaction on February 15, 2012. If that notice was removed, damaged or altered after it had been posted, the Credit Union has no liability to plaintiff under 15 U.S.C. § 1693h(d).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. Any failure to comply with 15 U.S.C. § 1693(b) or 12 C.F.R. § 205.16, which the Credit Union denies, was not intentional and resulted from a bona fide error and the Credit Union has no liability pursuant to 15 U.S.C. § 1693m(c).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. Plaintiff is not entitled to any actual damages because detrimental reliance cannot be established. Plaintiff consented to the fee now complained of by accepting the fee in response to the on-screen notice of the fee and had the opportunity to cancel the transaction without incurring the fee but chose not to do so.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. The plaintiff's claims against the Credit Union are barred by the principles of waiver, ratification and estoppel on the grounds that the plaintiff voluntarily incurred the fee of which plaintiff presently complains after being provided with notice of the fee and the opportunity to cancel the transaction in order to avoid that fee but chose not to do so.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. This action cannot proceed as a class action because the plaintiff's allegations do not satisfy the requirements set forth in Federal Rules of Civil Procedure 23.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. Plaintiff may not maintain the instant action because to do so would permit plaintiff to proceed with "unclean hands," the plaintiff having voluntarily engaged in the transaction of which plaintiff now complains and, in order to conduct that transaction, plaintiff willingly agreed to the fee of which plaintiff presently complains.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE AND COUNTERCLAIM

21. Plaintiff has commenced this action in bad faith and for the purposes of harassment entitling the Credit Union to the recovery of attorneys' fees and costs under 15 U.S.C. § 1693m(f).

WHEREFORE, the Credit Union demands judgment dismissing the plaintiff's Complaint and for judgment against the plaintiff on the Credit Union's counterclaim, awarding the Credit Union attorneys' fees, costs and disbursements of this action.

Dated: Jericho, New York
       May 15, 2012

    TORRE, LENTZ, GAMELL, GARY &
      RITTMASTER, LLP
    *Attorneys for Defendant*
    *Delta Community Credit Union*

    By: /s/ Roger A. Goodnough
        Roger A. Goodnough
    100 Jericho Quadrangle, Suite 309
    Jericho, NY 11753
    Tel.: (516) 240-8900

TO:   SHIMSHON WEXLER, ESQ.
       THE LAW OFFICES OF SHIMSHON WEXLER, PC
       *Attorneys for Plaintiff*
       2710 Broadway, 2nd Floor
       New York, NY 10025
       Tel.: (212) 760-2400

# EXHIBIT A









# EXHIBIT B

*ATA services.*

2796 South Redwood Road
Salt Lake City, Utah 84119
P (801) 975-8860   F (801) 975-8863

**Date:** June 27th 2008
**Quotation Valid:** September 27, 2008

**Prepared for:**
Mike Brooks
Delta Community Credit Union
404-677-4706

**Prepared by:** Nicolle Solden
P: 801-975-8860 ext. 138
F: 801-975-8863
nsolden@ataserivces.com

|  | Quantity | Unit Price | AMOUNT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| Semi-Annual Cleaning | Quantity | Unit Price | AMOUNT |
|---|---|---|---|
| Detailed Cleaning and on line data base | 37 | $77.00 | $2,849.00 |
|  |  | $30.00 | $0.00 |
| Surcharge for locations in a secure site |  |  | $0.00 |
| ie. Behind airport security |  |  | $0.00 |
|  |  | SUB TOTAL | $2,849.00 |
|  |  | TOTAL |  |

**PURCHASE TERMS:**

Deposit Due:   $_____                Remainder billed: ☐ Upon Completion   ☐ Monthly

1. Payment due upon receipt of each invoice, past due 30 days from the date of the invoice. Interest will be charged on all past due accounts at the rate of 18% per annum, compounded monthly.
2. State and local taxes due for products and services rendered by ATA are the sole responsibility of Client.
3. This Agreement will terminate upon conclusion or completion of services rendered hereunder. Prior to completion, either party may terminate this Agreement with or without cause upon 10 days prior written notice. Upon termination, ATA shall be paid for costs incurred, noncancelable commitment expenses and fees earned up to the date of termination.
4. All PMS colors that are reproduced in vinyl will be matched to the closest vinyl color available.
5. Unit price is valid for only the quantity represented in this quote. Decrease in quantity generally yeilds a higher unit price.

To approve this quote and authorize work to begin, sign, date and fax back to 801-975-8863.
Approved by: _____
Printed Name: Jennifer Grimes    Date: 7/8/08

Thank you for considering ATA Services for your ATM maintenance work.
For a complete overview of our services, please visit www.ataservices.com.



# Service Agreement

This SERVICE AGREEMENT (the "Agreement") is made as of the **27th** day of **June**, 2008 , by and between AUTOMATED TELLER ACCESSORIES CORP., (D.B.A. ATA SERVICES), a Utah corporation ("ATA") with its principal office at 2796 South Redwood Rd., Salt Lake City, Utah 84119 and **Delta Community Credit Union** (the "Client") whose address is; **1025 Virginia Ave. Atlanta, Georgia 30354.**

## R E C I T A L S:

WHEREAS, ATA provides certain repair and maintenance services to automated teller machines operated by others;

WHEREAS, Client is the owner or operator of __approx. 40__ automated teller machines in and around ____Georgia____, a complete list of which is attached hereto (the "ATMs");

WHEREAS, Client desires to engage the services of ATA to provide certain repair and maintenance services to the ATMs on the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, the parties agree as follows:

1. **Scope of Services:** ATA hereby agrees to provide the following repair and maintenance services to the ATMs (the "Services"):

   - Detailing the machine using brushes and removing grime, adhesive residue and build-up (i.e. like detailing your car).
   - Cleaning of all related parts including but not limited to; surround, kiosk, topper, sign box, ATM panel, island identifier, backdrop, camera window, marketing panels, night depository (within close range) and much more.
   - Verify ATM ID – Doing an inquiry and coordinating the ID number.
   - Check for Skimming Devices – Technicians are trained to identify non-standard devices that are added to the ATM. We will report these to you.
   - Photos – Main, left, right, and fascia photos are taken at each site.
   - Detailed Photos – Detailed photos of the machine and surrounding environment. Photos of customer notices, logos and signage. Also includes damage or poor condition photos.
   - Online Database – These photos are loaded onto your own, secure, online database. Get information on your entire network at the click of a button.
   - Empty Waste Receptacle – Removing trash from the area.
   - Evaluate Network Logos – Check for and report missing and outdated logos. Can replace for an additional charge.
   - Evaluate Customer Notices and Stickers – Check for and report missing stickers. Can replace for an additional charge.
   - Evaluate Monitor Alignment, Functionality and Condition – We will report any problems.
   - Replace Envelopes – Replenish customer-supplied envelopes if needed.
   - Immediately Report Serious Problems – If there is any vandalism or damage beyond normal wear and tear, we will let you know immediately.
   - Recommendations for Renewal Work – Condition ratings and recommendations will be detailed at the end of each project.
   - ATA SERVICES WILL BE RESPONSIBLE FOR SECURITY ACCESS TO ALL ATM SITES.

2. **Compensation and Payment:** Client shall pay to ATA for the Services the following fees:

Each ATM will be billed **$77.00** per visit. Kiosks will be charged at an additional **$30.00** per visit. Surcharge for locations in a secure site ie. behind airport security will be charged at an additional **$30.00** per visit

Each cleaning cycle will be billed separately and will be due and payable upon receipt as set forth below.

Payment is due upon receipt of each invoice, and is past due 30 days from the date of the invoice. Interest shall be charged on all past due accounts at the rate of 18% per annum, compounded monthly. If Client objects to all

or any portion of an invoice, Client shall notify ATA in writing within 10 days of Client's receipt of such invoice of Client's objection, and shall timely pay that portion of the invoice not in dispute. Client and ATA shall make every effort to promptly settle any invoice dispute. State and local taxes due for products and services rendered by ATA are the sole responsibility of the Client, and will not be quoted as part of any bid or proposal, and will be included on certain invoices. At ATA's discretion, prices shown may increase not more than 5% each year during the term of this agreement. In addition, if fuel costs exceed $3.50 per gallon, a fuel surcharge may apply.

3. <u>Authority</u>: Each party represents to the other that it has the right, power, legal capacity, and authority to enter into, and perform its obligations under this Agreement, and no approvals or consents of any persons other than the parties hereto are necessary in connection with it. The execution and delivery of this Agreement by the parties has been duly authorized by their respective boards of directors or other corresponding governing body.

4. <u>Terms and Conditions</u>: This Agreement is subject to all of the Terms and Conditions set forth on the reverse side hereof, all of which are expressly incorporated herein.

The length of this agreement shall be for an initial period of two (2) years. To be automatically renewed for one additional year term, unless written notification is received by (the "Client") a minimum of 60 days prior to the end of the initial contract.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first written above.

CLIENT: *[signature]*
By: *[signature]*
Its: Delta Community CU

AUTOMATED TELLER ACCESSORIES CORP.:
By: _____
Its: _____

- ATA SERVICE WILL BE RESPONSIBLE FOR GAINING ACCESS TO ALL ATM SITES.
- DCCU WILL ESTABLISH THE SCHEDULE FOR EACH SITE VISIT.

1 - ATM CLEANING ANNUALLY (140220)

10 - ATM's CLEANING QTRLY

ALL ARE LOCATED OUT OF THE STATE OF GEORGIA.

| TERMINAL ID | LOCATION |
|---|---|
| 140040 | ORLANDO, FL |
| 140210 | TAMPA, FL |
| 140205 | BOSTON, MA |
| 140113 | NEW YORK, NY |
| 140112 | NEW YORK, NY |
| 140216 | NEW YORK, NY |
| 140217 | NEW YORK, NY |
| 140212 | CINCINNATI, OH |
| 140208 | DALLAS, TX |
| 140002 | CINCINNATI, OH |



## Terms and Conditions

1. **Enforcement:** If any action is commenced to interpret this Agreement or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees and all other costs and expenses incurred in such action or proceeding, in addition to any other relief to which it may be entitled.

2. **Notices:** Any notice in connection with this Agreement shall be in writing, and shall be sent to the parties' addresses set forth above, or to such other address as a party may hereafter specify. Such notice shall be delivered in person, by certified or registered mail, overnight carrier, telex, telecopier or other similar facsimile transmission. Such notice shall be deemed given when there is documented delivery thereof to the party to whom the notice is given.

3. **Insurance:** During the period that services are performed under this Agreement, ATA shall maintain in force Worker's Compensation coverage in accordance with the laws of the state having jurisdiction over its employees engaged in the services rendered to Client, and shall maintain in force a commercial general liability policy with a combined single limit for bodily injury or property damage of $1,000,000.00 for each occurrence. ATA shall cause Client to be named as an additional insured to all applicable policies at the written request of Client. Costs for increased policy limits, additional policies or naming of additional insureds on ATA's general liability policy, where ATA secures such increased coverage based on written request from Client, shall be reimbursed by Client at cost. ATA shall not be responsible for any loss, damage or liability arising from any contributing negligent or willful acts by Client, its subcontractors, agents, employees, third parties or other consultants over which ATA has no supervision or control.

4. **Indemnification:** ATA shall indemnify and hold harmless Client, its subcontractors, agents or employees, and their principals, officers, directors, employees and subcontractors, from and against all claims and actions, including reasonable attorney's fees, based upon, or arising out of, damages or injuries to persons or property caused by the error, omission or negligent act of ATA or any of its agents, subcontractors or employees in the performance of the services to be provided hereunder, subject to any limitations, other indemnifications or other provisions to which Client and ATA have agreed herein.

5. **Limitation of Damages:** In the event of any action by Client for breach or default hereunder, ATA shall not be responsible or held liable to Client for consequential damages including, but not limited to, loss of profit, loss of investment, loss of product, or business interruption.

6. **Independent Contractor Relationship:** ATA is an independent contractor of Client, and is not the agent or employee of Client. Nothing in this Agreement shall be construed in a manner that would constitute or create any employment, partnership, association, joint venture, agency or any relationship between the parties other than that of an independent contractor relationship.

7. **Subcontractors:** ATA shall have the right to hire any subcontractors (subject to Client's approval) whose services are considered by ATA to be necessary or desirable in order to continue or complete the services to be rendered hereunder.

8. **Entire Agreement:** This Agreement contains the entire agreement between the parties and supersedes all prior understandings and agreements, whether oral or in writing, between the parties respecting the subject matters of this Agreement. In the event that Client generates or produces a contractual document that contains additional terms and conditions (such as a purchase order) that may be inconsistent with the provisions set forth in this Agreement, it is understood and agreed that this Agreement is the prevailing document.

9. **Severability:** If any term, covenant, condition or provision of this Agreement, or any application thereof to any person or circumstance, shall to any extent be held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the terms, covenants, conditions or provisions of this agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated thereby.

10. **Termination:** This Agreement shall terminate upon the conclusion or completion of the services to be rendered hereunder. Prior to the conclusion or completion of the services to be rendered hereunder, either party may terminate this Agreement with or without cause upon 10 days prior written notice. Upon termination, ATA shall be paid for costs incurred, noncancelable commitment expenses and fees earned up to the date of termination.

11. **Confidentiality:** The parties acknowledge that any information provided by one party to the other pursuant to the terms of this Agreement is confidential and proprietary, and is provided solely for the use of the party to whom such information is provided. Each party agrees that it will not reproduce, disclose or disseminate such information to any other person except in the performance of the respective obligations hereunder, unless such information has already been made available to the general public or unless the disclosing party is required to disclose such information by a governmental or regulatory authority. The respective obligations of the parties pursuant to this section shall survive the expiration or other termination of this agreement.

12. **Choice of Law:** This Agreement shall be construed, interpreted and enforced according to the law in force in the State of Utah, as such law from time to time shall be in effect, except to the extent otherwise expressly provided herein.

| # | DPS Term ID | Location | ATM model | Address | City | State | ZIP | Location | Behind Security | Escort |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 140040 | Orlando | CSP 400 | 9474 Airport Blvd. | Orlando | FL | 32827 | 70's concourse between gate 70 & 72 | Yes | |
| 2 | 140210 | Tampa | Diebold 1062ix | 5201 W. Kennedy Blvd | Tampa | FL | 33609 | In employee cafeteria | Yes | |
| 3 | 140055 | Cumberland Branch | NCR 5890 | 3250 Riverwood Pkwy | Atlanta | GA | 30329 | Drive-up | | |
| 4 | 140056 | Cumberland | NCR 5886 | 3250 Riverwood Pkwy | Atlanta | GA | 30329 | Walk-up | | |
| 5 | 140062 | RCC Building | Diebold 500 | 760 Doug Davis Drive | Atlanta | GA | 30354 | lobby of building before security | Yes | |
| 6 | 140104 | Atlanta Airport (flight attendant) | Diebold 1062ix | Hartsfield Int'l Airport, 6000 S. Terminal Pkwy | Atlanta | GA | 30320 | Lower level of A concourse gate 19 | Yes | |
| 7 | 140105 | TOC Branch | Diebold 1064 | 1770 Aviation Blvd | Atlanta | GA | 30354 | Behind receptionist office | Yes | Yes |
| 8 | 140106 | Air Logistics (Cargo) (door 60) | CSP 400 | 1600 Aviation Blvd | Atlanta | GA | 30320 | In Air cargo lobby | Yes | |
| 9 | 140201 | TOC | CSP 400 | 1500 Aviation Blvd. | Atlanta | GA | 30354 | Breakroom | Yes | Yes |
| 10 | 140202 | Admin | Diebold 1064 | 1030 Delta Blvd. | Atlanta | GA | 30320 | Located in Delta Complex, second floor break room | Yes | |
| 11 | 140203 | Training Center | CSP 400 | 1021 North Loop Rd. | Atlanta | GA | 30320 | In lobby near reception desk | Yes | |
| 12 | 140211 | Atlanta airport E concourse | CSP 400 | Hartsfield Int'l Apt 6000 S. Terminal Pkwy | Atlanta | GA | 30320 | Flight attendant lounge | Yes | |
| 13 | 140219 | Worldport Branch | Diebold 1062ix | Hartsfield Int'l Apt. 8700 Spine Rd | Atlanta | GA | 30320 | On A concourse in the hallway to the branch near food court | Yes | |
| 14 | 140102 | Camp Creek | Diebold 1073ix | Airline Drive | College Park | GA | 30337 | Rear of employee parking | Yes | Yes |
| 15 | 140050 | Fayetteville-Summit Point | Opteva 750 | 140 South Hwy 82 | Fayetteville | GA | 30215 | Drive-up | | |
| 16 | 140057 | Drive Up | NCR 5886 | 850 Virginia Ave. | Hapeville | GA | 30354 | Drive-up | | |
| 17 | 140059 | Main Office Island | Opteva 750 | 1025 Virginia Ave. | Hapeville | GA | 30354 | Drive-up | | |
| 18 | 140108 | Atlanta Res | CSP 400 | 700 S. Central Ave. | Hapeville | GA | 30320 | Main lobby near cafeteria | Yes | |
| 19 | 140220 | Main Office Branch | NCR 5886 | 1025 Virginia Ave. | Hapeville | GA | 30354 | In DCCU main office lobby | | |
| 20 | 140060 | East Cobb | NCR 5890 | 1206 Johnson Ferry Road | Marietta | GA | 30068 | Drive-up - in the parking lot | | |
| 21 | 140061 | West Cobb | NCR 5886 | 2627 Dallas Highway S.W. | Marietta | GA | 30064 | Drive-up | | |
| 22 | 140063 | Newnan | Diebold 740 | 1825 Highway 34 East | Newnan | GA | 30263 | Drive-up | | |
| 23 | 140053 | PTC-North | NCR 5886 | 315 North Hwy 74 | Peachtree City | GA | 30269 | Drive-up | | |
| 24 | 140218 | Peachtree City Branch | Diebold 1062ix | 472 Crosstown Dr. (Braelinn shopping center) | Peachtree City | GA | 30269 | Braelinn shopping center between Kroger and Kmart | | |
| 25 | 140058 | Perimeter Branch | Opteva 760 | 1100 Hammond Drive Suite 100 | Sandy Springs | GA | 30328 | Walk-up | | |
| 26 | 140051 | Eagles Landing | Opteva 750 | 285 Center Pointe Pkwy. | Stockbridge | GA | 30281 | Drive-up | | |
| 27 | 140052 | Mt. Zion | Opteva 750 | 5008 Mt. Zion Pkwy. | Stockbridge | GA | 30281 | Drive-up | | |
| 28 | 140001 | CVG Branch | Opteva 760 | 4885 Houston Rd Suite 102 | Florence | KY | 41042 | outside vestibule | | |
| 29 | 140002 | CVG Airport | Opteva 720 | CVG Airport 3087 A Terminal | Hebron | KY | 41048 | A concourse, 1st hall on left after up escalators in branch hallway | Yes | Yes |
| 30 | 140205 | Boston Airport | Diebold 1062ix | Logan Int'l Airport, 300 Terminal A | Boston | MA | 02128 | relocated from terminal C to terminal A | Yes | |
| 31 | 140113 | LGA | Diebold 1062ix | Delta Flight Center, LaGuardia Airport | Flushing | NY | 11371 | Delta Terminal @ Gate 3 | Yes | |
| 32 | 140217 | LGA Marine Air Terminal | Diebold 1062ix | Marine Air Terminal, LaGuardia Airport | Flushing | NY | 11430 | to the left of security gates | Yes | |
| 33 | 140112 | JFK | Diebold 1062ix | JFK International Airport | Jamaica | NY | 11430 | Terminal 3 take elevator to crown room down near gate 10 | Yes | |
| 34 | 140216 | JFK Terminal | Diebold 1062ix | JFK International Airport, Gate 11 | Jamaica | NY | 11430 | Between gates 11 & 12 in terminal 3 | Yes | |
| 35 | 140212 | CVG Res | Diebold 1062ix | 655 Plum St. (5th floor) | Cincinnati | OH | 45202 | On 5th floor near stairs to 6th floor. | Yes | |
| 36 | 140206 | DFW Res | Diebold 1062ix | 2409 N. Support | Dallas | TX | 75261 | In employee cafeteria | Yes | |
| 37 | 140010 | DFW Branch | Opteva 760 | 100 N Kimball Ste. 103 | Southlake | TX | 76092 | Through the wall in front of branch | Yes | |
| 38 | 140063 | Newnan | Opteva 740 | 1825 Highway 34 East | Newnan | GA | 30263 | Drive-up Kiosk | | |
| 39 | 140064 | Buford (Kroger) | Opteva 740 | 3300 Hamilton Mill Road Buford, GA 30519 | Buford | GA | 30519 | Located inside the Kroger store | | |
| 40 | 140065 | Suwanee (Kroger) | Opteva 740 | 2121 Lawrenceville Suwanee Road Suwanee GA Suwanee | Suwanee | GA | 30024 | Located inside the Kroger store | | |
| 41 | 140068 | Holly Springs | Opteva 740 | | | | | Located inside the Kroger store | | |

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                              : ss.:
COUNTY OF NASSAU   )

      Nancy J. Hudson, being duly sworn, says: (1) I am not a party to this action, am over 18 years of age, and reside at Floral Park, New York; and (2) on May 15, 2012, I served the within **ANSWER** on each of the following attorneys (or parties) at the address set forth after said attorney's (or party's) name, that being the address designated by said attorney (or party) for that purpose, by depositing a true copy of same enclosed in a postage-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York located at 100 Jericho Quadrangle, Jericho, New York, addressed to:

      SHIMSHON WEXLER, ESQ.
      THE LAW OFFICES OF SHIMSHON WEXLER, PC
      *Attorneys for Plaintiff*
      2710 Broadway, 2nd Floor
      New York, NY  10025

                                                                          _____
                                                                              Nancy J. Hudson

Sworn to before me this
15th day of May 2012

_____
        Notary Public

      ROGER A. GOODNOUGH
   Notary Public, State of New York
         No. 02GO6593700
     Qualified in Putnam County
  Commission Expires Jan. 31, 20_15_

Index No.: 12-CV-1194 (WFK) (LB)   20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YEHUDAH KATZ, on behalf of himself and the class,

                       Plaintiff,

- against -

DELTA COMMUNITY CREDIT UNION,

                       Defendant.

## ANSWER

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
*Attorney(s) for Defendant Delta Community Credit Union*
*Office and Post Office Address, Telephone*
100 JERICHO QUADRANGLE, SUITE 309
JERICHO, NEW YORK 11753-2702
Tel: (516) 240-8900

To:

Attorney(s) for                        Esq.

Service of a copy of the within

Dated, N.Y.,                 is hereby admitted:
                                   20

Attorney(s) for

TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP